[Crim. No. 30143. Second Dist., Div. Four. Dec. 22, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
HOWARD CURRY, Defendant and Appellant.

COUNSEL

Paul Halvonik, State Public Defender, Charles M. Sevilla, Chief Assistant State Public Defender, and Martin Stein, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline, Donald J. Oeser and Jack T. Kerry, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KINGSLEY, J.**—Defendant was charged with indecent exposure, in violation of subdivision 1 of section 314 of the Penal Code. After a trial by jury, he was found guilty; proceedings were suspended and he was granted probation. He has appealed; we reverse.

The case for the People was that, at about 6:30 a.m., he was observed by a plainclothes police officer masturbating in a public alley. His defense was that he suffered from prostate and urinary problems that caused him to have sudden and uncontrollable necessity to urinate, and that he had gone into the alley for that purpose and that he had rubbed the tip of his penis to alleviate pain connected with the urination. His claim as to the physical problems was corroborated by the uncontested testimony of his doctor. The doctor's testimony as to rubbing the penis to alleviate pain was equivocal.

I

█ Defendant contends that the evidence does not support the verdict. We reject that contention. Although the testimony of the police officer as to what she saw was open to attack as being based on too brief an observance, the jury was entitled to accept her version and reject that of defendant.

## II

In support of its case, the People offered the testimony of two women who claimed to have seen defendant masturbating in an alley in the same vicinity on a previous date. Defendant makes two attacks on that testimony: (1) That it did not show adequate similarity between the uncharged offense and the one herein involved; and (2) that the testimony of one witness, although stricken because she could not positively identify defendant as the man involved in the earlier episode, nevertheless was so prejudicial as to require a mistrial. We reject both contentions.

(1) The evidence to the uncharged offense was offered to prove intent and to rebut defendant's claim of a nonlewd act. In such cases, the requirement of similarity is not the same as in cases where an uncharged crime is offered to prove identity. Here the unstricken testimony of witness Perrier identified defendant as a man seen by her masturbating, at the same morning hour, in the same vicinity, in a public alley. The hour was one at which nurses employed in a nearby hospital would be expected to be present. We think that there was enough similarity in time, place and potential motive, to make Perrier's testimony admissible on the issue of lewd intent.

(2) Witness Johnson was called to testify to the same earlier episode. Out of the presence of the jury it became apparent that she could not make a valid identification of defendant as the man involved. The trial court, on its own motion, struck her brief introductory testimony, saying to the jury:

"Ladies and gentlemen, the Court has excused the witness Miss Johnson for the reason that in view of this Court, she could not identify the defendant as having been in that alley on that given day. Her testimony is now stricken in its entirety. You are to disregard it completely." We think that that instruction, which told the jury in positive terms that the witness had not identified defendant in any earlier misconduct, adequately protected the rights of defendant and that no prejudice is shown.

## III

The trial court instructed the jury in the form of CALJIC No. 3.31 as modified, as follows:

"In the crimes charged in the information, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator and unless such specific intent exists the crime to which it relates is not committed.

"In the crime of indecent exposure, the necessary specific intent is to direct public attention to his genitals for the purpose of his sexual arousal or gratification or to affront others." Defendant contends that it should also have given CALJIC No. 4.45, which reads as follows:

"When a person commits an act or makes an omission through misfortune or by accident under circumstances that show no evil design, intention or culpable negligence, he does not thereby commit a crime." We see no error. The defense was not predicated on any "mistake" nor was the conduct testified to by defendant the kind of "accident" to which CALJIC No. 4.45 is directed.

IV

The trial court gave CALJIC No. 2.52—the standard instruction on flight. Defendant contends that the evidence did not support that instruction. We disagree. The police officer testified that, after she had made gestures indicating that she was pointing out defendant, he had either walked hastily or run away. Defendant testified that he left the scene because he had completed urination and was already late for work. The instruction, as given, properly allowed the jury to select either version and to draw inferences from the version selected. If defendant desired the modification in the instruction he now seeks it was his obligation to request it, which he did not do.

V

Defendant contends that the trial court was required, *sua sponte,* to give an instruction on violation of subdivision (a) of section 647, as a necessarily included offense. We held in *People* v. *Swearington* (1977) 71 Cal.App.3d 935 [140 Cal.Rptr. 5], that such a duty existed and that failure to so instruct was ground for reversal. We follow and apply that decision. While the elements of the crime of "indecent exposure," proscribed by subdivision 1 of section 314 of the Penal Code, and the elements of the crime of "lewd conduct" proscribed by subdivision (a) of section 647 of the Penal Code are alike in some particulars, there is one important distinction. "Indecent exposure" involves an intent to

direct public attention to the offender's genitals for the purpose of either his own sexual arousal or gratification or for the purpose of offending others. (*In re Smith* (1972) 7 Cal.3d 362 [102 Cal.Rptr. 335, 497 P.2d 807].) However, "lewd conduct" does not require that intent, but that crime may be committed even though the actor does not intend to direct public attention to his genitals. ▆▆ It follows that "lewd conduct" is a necessarily lesser included offense within that of indecent exposure. The evidence in the case at bench was such as to make an instruction on lewd conduct essential.

## VI

▆▆ Defendant was charged with, and admitted,[1] a prior conviction for a violation of subdivision 1 of section 314. Under the provision of that section, a first conviction is a misdemeanor but a second conviction is a felony. Defendant here contends that that increased penalty violates the constitutional prohibition against cruel and unusual punishment. We disagree. *In re Lynch* (1972) 8 Cal.3d 410 [105 Cal.Rptr. 217, 503 P.2d 921], the Supreme Court held an earlier provision making a second violation subject to a life sentence void as being cruel and unusual. But we can find in that opinion, with its extensive review of the history of statutes prohibiting lewd conduct, nothing to suggest that the Legislature may not impose a penalty lesser than life for repeated acts of public indecency. We cannot see in the penalty now imposed any of the extreme penalization that *Lynch* held void.

Because of the failure to instruct on the lesser included offense of vagrancy, in violation of subdivision (a) of section 647 of the Penal Code, the judgment is reversed.

Files, P. J., and Bigelow, J.,* concurred.

A petition for a rehearing was denied January 9, 1978, and respondent's petition for a hearing by the Supreme Court was denied February 16, 1978.

---

[1]The trial court did not permit evidence of that prior to go to the jury.

*Assigned by the Chairperson of the Judicial Council.