[Crim. No. 10564. Third Dist. July 15, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
IRA TOLLIVER, JR., Defendant and Appellant.

**COUNSEL**

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Ted W. Isles, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, James T. McNally and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**CARR, J.**—Defendant appeals his conviction by a jury for felony indecent exposure. (Pen. Code, § 314, subd. 1.) A prior conviction of indecent exposure was charged and proved. He argues that the trial court's failure to instruct, *sua sponte*, on lewd and disorderly conduct (Pen. Code, § 647, subd. (a)) as a lesser included offense constitutes reversible error.

On March 18, 1979, at 5:15 p.m., defendant called an Avon sales representative, Ms. H. and requested she come to his house. Ms. H. told defendant that she would not visit his house unless there was a woman present. He then told her that his wife was there, they were just moving in, they had four children and asked Ms. H. if she would like to speak

to his wife. Ms. H. went to the house and was met at the front door by defendant who was dressed in a hip-length, brown velour robe and was dripping wet. She was invited inside and sat down while defendant walked down the hall to the bathroom. When he returned, the robe he was wearing was open from the waist down, exposing his genitals to Ms. H. Defendant sat down across from her, spread his legs apart and stared at her in a "scary" manner.

He then told Ms. H. that his wife was away and would be right back and that he wanted to place an order for her birthday. Ms. H. got up, told defendant she would not take his order unless he was decent and stepped out the front door. He then responded that he knew what he wanted, referred to page 15 or 16 of the Avon book and said, "I want this or this." Ms. H. turned to look at what he was referring and saw defendant masturbating. Ms. H. then fled hysterically.

■ The sole contention on appeal is that the trial court erred by failing to instruct, *sua sponte*, on the offense of lewd and disorderly conduct (Pen. Code, § 647, subd. (a)) as a necessarily included lesser offense to indecent exposure. (Pen. Code, § 314, subd. 1.) The trial court has a *sua sponte* obligation to instruct on any necessarily lesser included offenses. (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715-716 [112 Cal.Rptr. 1, 518 P.2d 913].) The question is whether the commission of the offense of indecent exposure necessarily includes the commission of the offense of lewd and disorderly conduct. (See *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)

Defendant relies on *People* v. *Swearington* (1977) 71 Cal.App.3d 935 [140 Cal.Rptr. 5] which holds: "A comparison of the two offenses— 'disorderly conduct' and 'indecent exposure'—makes it clear that a person who has committed a violation of Penal Code section 314, subdivision 1, a felony, has necessarily committed also a violation of Penal Code section 647, subdivision (a), a misdemeanor, since each of the two offenses requires that the perpetrator has engaged in 'lewd' conduct in a public place." (P. 944.) Although correct on its facts as a public place was involved, the principle enunciated in *Swearington* is inapplicable to this case.

All violations of section 647, subdivision (a) must occur "in any public place or in any place open to the public or exposed to public view." A violation of section 314, subdivision 1, however, may occur "in any

public place, *or in any place where there are present other persons to be offended or annoyed thereby.*" (Italics added.) The latter phrase is directed at less than a "public" place and specifically applies to the factual setting at hand. By inclusion of any place where there are persons who may be offended or annoyed by the perpetrator's indecent exposure the Legislature has made a logical and rational distinction between disorderly conduct and indecent exposure. Indecent exposure in the context of the present case in which the perpetrator enticed his victim to a "private" place where escape was restricted is a much more inherently dangerous offense given the seclusion involved. Thus, we hold that a violation of section 647, subdivision (a), is not a *necessarily* lesser included offense to section 314, subdivision 1, and there was no error in the trial court's omission to instruct *sua sponte* on such violation.

Defendant's contention that Ms. H.'s final observation of him while she was standing on his front doorstep transforms the violation to one of exposure in a public place or open to public view is without merit. The critical factor is the position of the perpetrator. Defendant was standing inside his house; Ms. H. observed him from just outside the front door only after he regained her attention by the ruse of pointing to "this or this" in the catalog. It is sufficiently clear from the evidence that he was not in a place exposed to public view but simply in a place he had set up as one in which there was a person to be offended by his conduct. Moreover, the offense consisted of three acts, two within the defendant's house behind a closed front door.

The judgment is affirmed.

Puglia, P. J., and Regan, J., concurred.