[No. A040905. First Dist., Div. Three. Mar. 1, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
DENNIS MEEKER, Defendant and Appellant.

[Opinion certified for partial publication.*]

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts A, C and D.

**COUNSEL**

Clifford J. Baker for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan, and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—A jury convicted appellant Dennis Meeker of indecent exposure (Pen. Code, § 314, subd. 1),[1] battery on a peace officer (§ 243, subd. (c)), and three counts of resisting without force or violence (§ 148). In a separate trial, the court found appellant had served two separate prison terms for prior felony convictions (§ 667.5, subd. (b)). He was sentenced to four years in state prison.

Appellant raises numerous issues on appeal. We conclude that none of appellant's arguments are meritorious, and consequently affirm the judgment.

### *Facts*

On an afternoon in February of 1987 Ms. Denise Vansandt-Boyd was driving on the road that led to her Walnut Creek house when she saw appellant, who was dressed in a bathrobe, walking two dogs on the opposite side of the road. As she passed appellant at about 15 or 20 miles per hour he turned and spat at her car. Ms. Vansandt-Boyd looked at appellant in her rear view mirror as she slowed her car before turning into her driveway. As she did so, she saw appellant open his robe, exposing to her his nude front torso, including his genital area.

Ms. Vansandt-Boyd went directly into her house, locked the door, and telephoned 911. Appellant stood briefly in the street in front of Ms. Vansandt-Boyd's home before walking on.

Shortly afterwards, Deputy Sheriff Kathleen Samuels went to appellant's residence, which is across the street from Ms. Vansandt-Boyd's home, to investigate her complaint. Appellant calmly denied leaving his house that day when Deputy Samuels told him about Ms. Vansandt-Boyd's complaint. However, he became "violently angry" and began screaming when the deputy continued questioning him and attempted to inform him of his constitutional rights. He demanded that she leave his property and she complied.

Minutes later, appellant "came stomping up" Ms. Vansandt-Boyd's driveway and began beating and yelling incoherently at her front door. She again telephoned the police from inside her home.

Deputy Samuels returned to appellant's residence, this time accompanied by Deputies Wagner, Krepps and Quirk. Appellant met the deputies outside his residence in an openly aggressive and hostile mood.

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

Deputy Wagner instructed appellant to turn around and began pat-searching him. Appellant turned suddenly, backed Wagner into a wall, and began gouging at Wagner's eyes, causing him injury. When the other deputies intervened, appellant resisted their attempts to pull him off Deputy Wagner until Wagner subdued him with a carotid restraint hold.

Deputy Wagner testified that he pat-searched appellant for his own safety due to appellant's demeanor, his clothes—Levis and an untucked T-shirt—which could conceal a weapon, and his knowledge of appellant's prior violent conduct in which he had used a weapon. Specifically, a neighbor had reported that appellant was walking the street beating a manhole cover with a hammer. A deputy sheriff had reported that appellant threatened another person in the same area by holding a knife to his throat. Finally, appellant had wrestled with another deputy who responded to a complaint at appellant's house after appellant refused to remove his hands from his pockets.

Based on this evidence, the jury convicted appellant of battery on a police officer with respect to Deputy Wagner (§§ 243, subd. (c)), resisting without force with respect to Deputies Samuels, Krepps and Quirk (§ 148), and indecent exposure with respect to Ms. Vansandt-Boyd (§ 314, subd. 1).

*Discussion*

A. *Substantial Evidence.* *

. . . . . . . . . . . . . . . . . . . . .

B. *Lewd Conduct (§ 647, subd. (a)) Is Not a Lesser Included Offense of Indecent Exposure (§ 314, subd. 1).*

■ "It is well settled that the trial court is obligated to instruct on necessarily included offenses—even without a request—when the evidence raises a question as to whether all of the elements of the charged offense are present and there is evidence that would justify a conviction of such a lesser offense." (*People* v. *Ramkeesoon* (1985) 39 Cal.3d 346, 351 [216 Cal.Rptr. 455, 702 P.2d 613].) ■ Appellant contends that a violation of section 647, subdivision (a) (lewd conduct) is a necessarily included offense of section 314, subdivision 1 (indecent exposure) and that the evidence warranted a sua sponte instruction on this lesser included offense. We conclude lewd conduct is not a necessarily included offense of indecent exposure; consequently, there was no sua sponte duty to instruct on lewd conduct.

---

* See footnote, *ante,* page 358.

(*People* v. *Geiger* (1984) 35 Cal.3d 510, 530 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055].)

■ "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." (*People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512]; accord *People* v. *Pendleton* (1979) 25 Cal.3d 371, 382 [158 Cal.Rptr. 343, 599 P.2d 649].) ■ We conclude it is possible to violate section 314, subdivision 1 (indecent exposure) without violating section 647, subdivision (a) (lewd conduct).

Section 314 makes it criminal for a person to "[e]xpose[ ] his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . ." (§ 314, subd. 1.) ■ A person violates section 314, subdivision 1, when he "intend[s] by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification or affront." (*In re Smith* [1972] 7 Cal.3d 362, 366 [102 Cal.Rptr. 335, 497 P.2d 807], fn. omitted.) Section 647, on the other hand makes it criminal for a person to "solicit[ ] anyone to engage in or [to] engage [ ] in lewd or dissolute conduct in any public place . . . ." (§ 647, subd. (a).) ■ The Supreme Court has construed "lewd or dissolute conduct" to mean "conduct which involves the *touching* of the genitals, buttocks, or female breast for the purpose of sexual arousal, gratification, annoyance or offense . . . ." (*Pryor* v. *Municipal Court* (1979) 25 Cal.3d 238, 256 [158 Cal.Rptr. 330, 599 P.2d 636], italics added.) ■■ Since it is possible for a person to expose and direct attention to his genitals for the purpose of sexual arousal, gratification or affront (*In re Smith, supra,* 7 Cal.3d at p. 366) without touching them or soliciting others to touch them, it is possible to violate section 314, subdivision 1 (indecent exposure) without violating section 647, subdivision (a) (lewd conduct), which requires touching. Consequently, lewd conduct is not a lesser included offense of indecent exposure.

The two cases appellant cites to the contrary (*People* v. *Curry* (1977) 76 Cal.App.3d 181, 187 [142 Cal.Rptr. 649] and *People* v. *Swearington* (1977) 71 Cal.App.3d 935, 944 [140 Cal.Rptr. 5]) are not persuasive authority because they were decided before the Supreme Court defined the elements of lewd conduct in *Pryor, supra.* This definition makes it clear that lewd conduct is not a necessarily included offense of indecent exposure.

C., D.*

· · · · · · · · · · · · · · · · · · · · · · · ·

*Disposition*

The judgment is affirmed.

Merrill, J., and Strankman, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 31, 1989.

---

* See footnote, *ante,* page 358.