Filed 3/7/14  P. v. Rogers CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>KEITH LAMAR ROGERS,<br><br>     Defendant and Appellant. | D062632<br><br><br>(Super. Ct. No. SCD 240490) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Koryn & Koryn, Daniel G. Koryn, under appointment by the Court of Appeal, for the Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting, Lise S. Jacobson, Deputy Attorneys General for the Plaintiff and Respondent.

A jury convicted Keith Lamar Rogers of indecent exposure. (Pen. Code,[1] § 314, subd. (1).) It also found true that he had a prior prison conviction for the same offense. (§ 667.5, subd. (b).) The court sentenced him to four years in state prison and imposed different fines and fees, including a sex offender registration fine under section 290.3.

Rogers contends: (1) there was insufficient evidence to support his conviction for indecent exposure; (2) the court erroneously failed to instruct the jury sua sponte regarding disorderly conduct, which he claims is a lesser included offense of indecent exposure; and (3) the court erroneously imposed the sex offender registration fine. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On Thursday, April 19, 2012, Rogers went to a parole office in San Diego and told Parole Agent Myrna Alonso that he needed a parole identification card in order to register as a sex offender. Agent Alonso telephoned a San Diego Police Department registration officer notifying her she would issue Rogers an identification card. Agent Alonso suggested Rogers return the next Monday in order for his male parole officer to administer a urine test. Rogers insisted that Agent Alonso administer the test immediately; therefore, Agent Alonso relented. The testing area had four bathroom stalls, two on each side of a corridor. Rogers entered one of the stalls. Agent Alonso briefly went to a separate area. Upon returning to the bathroom area, she saw Rogers inside an open stall. He was facing away from the toilet bowl and towards the stall's side

---

[1]    All statutory references are to the Penal Code.

wall located closest to the direction from which Agent Alonso returned. She saw Rogers masturbating; his penis was erect. Rogers did not make eye contact with Agent Alonso. She testified the floor in the bathroom area was not carpeted and one could hear footsteps on it. Agent Alonso turned around and went to get a male parole agent to verify what she had seen. Agent Alonso testified she was offended, "shocked," and it "caught [her] off guard" because that was "not something [she] expected in a parole office." She had tested male parolees "thousands of times" but not once had she experienced a similar situation.

Parole Officer Sylvester Brooks testified Agent Alonso was "pretty agitated and upset" and told him a parolee was exposing himself. Officer Brooks immediately went to the bathroom area and saw Rogers "angling his body towards" the stall door and "jiggling" his erect penis. Rogers seemed surprised to see Officer Brooks, who ordered him to pull up his pants. Officer Brooks was offended by Rogers's act of exposing himself because although no one was around the bathroom area that day, ordinarily many female agents and clerical staff walk around that area. Moreover, the area is used by other individuals taking drug tests.[2]

---

[2] Rogers does not challenge the finding regarding his prior conviction; therefore we do not set forth the testimony supporting that finding.

DISCUSSION

I.

Rogers contends there was insufficient evidence to support his conviction for indecent exposure because he lacked the specific intent to direct public attention to his genitals.  He argues the incident did not occur in a public place, but in a private bathroom stall where he had a reasonable expectation of privacy.

Under section 314, subdivision 1, it is a crime for someone to willfully and lewdly "[e]xpose[] his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby."  "The separate requirement that the intent of the actor be 'lewd' is an essential element of the offense." (*In re Smith* (1972) 7 Cal.3d 362, 365.)  Conviction for this offense " 'requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification or affront.' "  (*People v. Archer* (2002) 98 Cal.App.4th 402, 404-405.) "Generally, a defendant's intent must, of necessity, be established by circumstantial evidence." (*People v. Swearington* (1977) 71 Cal.App.3d 935, 949 (*Swearington*).)[3]

---

[3]     The jury was instructed with CALCRIM No. 1160 as follows:  "The defendant is charged in Count One with indecent exposure in violation of Penal Code section 314.  [¶] To prove that the defendant is guilty of this crime, the People must prove that:  [¶]  1. The defendant willfully exposed his genitals in the presence of another person or persons who might be offended or annoyed by the defendant's actions;  [¶]  AND  [¶] 2. When the defendant exposed himself, he acted lewdly by intending to direct public attention to his genitals for the purpose of sexually arousing or gratifying himself or another person, or sexually offending another person.  [¶]  Someone commits an act *willfully* when he or she does it willingly or on purpose.  It is not required that he or she intend to break the

This court's role in reviewing evidence to determine whether it is sufficient to sustain a conviction is "a limited one." (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) "In assessing a sufficiency-of-evidence argument on appeal, we review the entire record in the light most favorable to the prevailing party to determine whether it shows evidence that is reasonable, credible and of solid value from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Wader* (1993) 5 Cal.4th 610, 640.) We apply the same standard to convictions based largely on circumstantial evidence. (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1745.) It is not within our province to reweigh the evidence or redetermine issues of credibility. (*Ochoa*, at p. 1206.)

We conclude the evidence was sufficient for the jury to find Rogers had the requisite specific intent. Rogers insisted on having the female parole agent administer the test right away. Having had a prior conviction for indecent exposure, and being on probation for that offense, Rogers was on notice of the kinds of conduct that could constitute the offense. During his urine test, he positioned himself in the bathroom stall in order to be seen by Agent Alonso. Agent Alonso saw Rogers masturbating; his penis was erect. She was shocked and offended. Several minutes later, Officer Brooks found Rogers facing the door of the bathroom stall and "jiggling" his erect penis. As a probationer, Rogers had no reasonable expectation of privacy. Officer Brooks described

law, hurt someone else, or gain any advantage. [¶] It is not required that another person actually see the exposed genitals."

5

the bathroom area where Rogers was taking the urine test as a public area transited by employees and probationers alike.

## II.

Rogers maintains the trial court committed reversible error in failing to instruct the jury on its own motion that the misdemeanor crime of disorderly conduct (§ 647, subd. (a))[4] is a lesser included offense of indecent exposure. This argument lacks merit.

"It is settled that a court must instruct on general principles of law that are closely and openly connected with the facts of the case. [Citation.] The duty to instruct sua sponte on general principles encompasses the duty to instruct on defenses that are raised by the evidence, and on lesser included offenses when the evidence has raised a question as to whether all of the elements of the charged offense were present." (*People v. Perez* (1992) 2 Cal.4th 1117, 1129.) The duty to instruct on a lesser included offense arises when there is substantial evidence the defendant is guilty only of the lesser offense. (*People v. Birks* (1998) 19 Cal.4th 108, 118.)

We first consider whether, under the facts of this case, disorderly conduct is a necessarily included offense of the charged crime of indecent exposure. "To determine whether a lesser offense is necessarily included in the charged offense, one of two tests (called the 'elements' test and the 'accusatory pleading' test) must be met. The elements test is satisfied when ' "all the legal ingredients of the corpus delicti of the lesser offense

---

4    Under section 647, subdivision (a), it is a crime to "engage[] in lewd or dissolute conduct in any public place or in any place open to the public or exposed to public view."

[are] included in the elements of the greater offense." [Citation.]' [Citations.] Stated differently, if a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former. [Citations.] [¶] Under the accusatory pleading test, a lesser offense is included within the greater charged offense ' "if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." ' " (*People v. Lopez* (1998) 19 Cal.4th 282, 288-289.) "In making this determination, one looks to the elements of the offenses—*not* the evidence regarding the commission of the offenses." (*People v. Reed* (2000) 78 Cal.App.4th 274, 281.)

Rogers relies on *Swearington*, *supra*, 71 Cal.App.3d 935, which held that if the defendant possessed the necessary specific intent to constitute felony indecent exposure, the defendant also necessarily committed the misdemeanor offense of lewd conduct. (*Id.* at pp. 943-945.) The California Supreme Court subsequently clarified in *Pryor v. Municipal Court* (1979) 25 Cal.3d 238, 248 (*Pryor*) that the terms "lewd" and "dissolute" used in section 647, subdivision (a) are synonymous. The court held the terms refer to conduct that involves the touching of the genitals, buttocks, or female breast for the purposes of sexual arousal, gratification, annoyance, or offense if the actor knows or should know of the presence of persons who may be offended by this conduct. (*Pryor*, at p. 256.)

Since *Pryor*, *supra*, 25 Cal.3d 238, appellate courts have held that section 647, subdivision (a) is not a lesser and necessarily included offense of felony indecent

7

exposure. (See *People v. Meeker* (1989) 208 Cal.App.3d 358, 362; *People v. Tolliver* (1980) 108 Cal.App.3d 171, 173-174.) The court in *People v. Meeker* explained it is possible to violate section 314, subdivision 1 (indecent exposure), without violating section 647, subdivision (a) (disorderly conduct), since the latter involves the "touching of the genitals" but the former does not. (*People v. Meeker*, at p. 362; see *People v. Rehmeyer* (1993) 19 Cal.App.4th 1758, 1766 [no touching required to violate § 314].) We agree with this analysis.

As one can commit the crime of indecent exposure under section 314 without touching one's genitals as required for the offense of disorderly conduct, the section 647 offense cannot be considered a lesser included offense of indecent exposure under the statutory elements test. (*People v. Meeker*, *supra*, 208 Cal.App.3d at p. 362.) Rogers's claim fares no better under the accusatory pleading test as the pleading in this case simply mirrored the statutory language. Here, the pleading did not allege a touching; therefore, Rogers's claim likewise fails under this test. Because the offense of disorderly conduct is not a lesser included offense of indecent exposure, the trial court did not err in failing to instruct on that crime.

### III.

Rogers contends the court erroneously imposed a $500 sex registration fine because it was unaware of its discretion to refuse to impose it and, in any event, the fine was unauthorized by law because the court failed to ascertain his ability to pay.

Section 290.3 states that every person convicted of indecent exposure, among other crimes, shall be punished by a fine, "unless the court determines that the defendant

8

does not have the ability to pay the fine." Rogers provides no basis for his claim that the trial court was unaware of its discretion. We presume the trial court made the requisite findings to support its judgment. (*People v. Burnett* (2004) 116 Cal.App.4th 257, 261-262.)

When a statute mandates a fine but requires the court to consider the defendant's ability to pay, the burden is on the defendant to object or demand a hearing to determine the ability to pay. (*People v. McMahan* (1992) 3 Cal.App.4th 740, 749.) Here, Rogers did not object in the trial court to the court's imposition of the sex registration fine. Therefore, any error is forfeited. (*Id.* at p. 750.)

We recognize Rogers represented himself at trial. But as the *McMahan* court noted, "[T]he most knowledgeable person regarding the defendant's ability to pay would be the defendant himself. It should be incumbent upon the defendant to affirmatively argue against application of the fine and demonstrate why it should not be imposed. [¶] Here, the defendant was informed through the probation report that the probation officer was recommending the imposition of a fine pursuant to section 290.3. No objection to the fine was raised below, nor did defendant make any attempt to show he did not have the ability to pay the fine." (*McMahan*, *supra*, 3 Cal.App.4th at pp. 749-750.) We conclude Rogers's claim lacks merit.

DISPOSITION

The judgment is affirmed.

O'ROURKE, J.

WE CONCUR:

BENKE, Acting P. J.

AARON, J.