[Crim. No. 6982.   Second Dist., Div. Two.   Aug. 12, 1960.]

THE PEOPLE, Respondent, v. JACK MARVIN
WILLIAMS, Appellant.

Gladys Towles Root, Eugene V. McPherson and Robert
Barnett for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Respondent.

ASHBURN, J.—Defendant was convicted after a nonjury trial of a charge of indecent exposure in violation of subdivision 1 of section 311, Penal Code, with a prior conviction under the same subdivision of section 311.  He appeals from the judgment and his counsel urge the single argument that the evidence is insufficient to sustain the finding of identity of defendant as the offender.  This contention, raised first on appeal, is without merit.

The offense occurred on February 2, 1959, at a parking

lot located at Ocean Front Walk and Venice Boulevard, in the Los Angeles area. Mrs. Mabel L. Bender and her cousin, Mr. James G. Taitt, were seated in his automobile parked in the same lot. She happened to be looking through the rear window and saw defendant, whose car was parked some 30 to 40 feet behind Mr. Taitt's, commit the offense in question. His body was so positioned with respect to the car that his head was inside while the lower portion of the body was outside, hence she did not see the culprit's face and could not identify him; she saw no one else in that car. Mrs. Bender called Mr. Taitt's attention to the episode, he saw like public exposure, but could not see the person's face or later identify him. As he and Mrs. Bender were about to leave, she transferring to her own car, defendant drove past them alone in his car and both took the license number of the same, which was LEB 985. It was furnished to the police. The exposures occurred shortly after noon and the police arrived about 1 p.m. There they found defendant alone in the same car in the same lot with the car bearing license number LEB 985, whereupon they arrested him. He admitted to them and testified at the trial that he was present at the time and place and in the car mentioned by the prosecuting witnesses, but gave a different version of the incident in question, saying: "I am not conscious of having done any such thing like they described," and that he did not at any time "intentionally expose the private parts" of his body. This testimony the court rejected, and not without reason. Defendant also admitted having served a term in San Quentin after conviction of a previous violation of said subdivision 1 of section 311, Penal Code.

There is no room for doubt that defendant is the man who committed the offense, or that he was lawfully convicted.

Judgment affirmed.

Fox, P. J., and Richards, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.