Gerald L. WAINWRIGHT, Plaintiff-
Appellant,

v.

Raymond K. PROCUNIER, Director of
Corrections, State of California,
Defendant-Appellee.

No. 25533.

United States Court of Appeals,
Ninth Circuit.

Aug. 6, 1971.

Rehearing and Rehearing En Banc
Denied Sept. 20, 1971.
See 447 F.2d 1403.

Paul K. Robertson (argued), of Robertson & Hand, Palo Alto, Cal., for plaintiff-appellant.

James B. Cuneo, Deputy Atty. Gen. (argued), Evelle J. Younger, Cal. Atty. Gen., John T. Murphy, Deputy Atty. Gen., San Francisco, Cal., for defendant-appellee.

Before JERTBERG, MERRILL and BROWNING, Circuit Judges.

PER CURIAM:

Following a nonjury trial, appellant was convicted on June 22, 1967, in the Superior Court of the State of California, in and for the County of Alameda, of possessing a narcotic (codeine) in violation of the Health and Safety Code of the State of California, § 11500, and was committed to prison for the term prescribed by law.

By stipulation the case was submitted for decision, to the court, on the transcript of the preliminary hearing. During the course of the preliminary examination, and on the trial, the fruits of the search of appellant's person and the truck in which he was a passenger were received in evidence over the objection of appellant's counsel that the search was in violation of the Fourth Amendment of the Constitution of the United

States. The Magistrate held appellant to answer in the Superior Court for violating § 11530 of the Health and Safety Code of the State of California [possession of marihuana].

On appeal to the Court of Appeals of the State of California, First Appellate District, Division Four, the conviction and sentence were affirmed in an unpublished opinion filed in that court on March 18, 1969. A petition for rehearing was denied April 17, 1969, and a petition for hearing in the Supreme Court of the State of California was denied without comment on May 15, 1969.

Appellant's petition for writ of habeas corpus, filed in the United States District Court for the Northern District of California, was denied following a hearing on an order to show cause issued by that court.

Notice of appeal to this Court was timely filed, as well as a certificate of probable cause for appeal issued by the district court.

Appellant's sole contention on this appeal is that the search of his person by the arresting officer, which revealed appellant's possession of the codeine pill, was an unreasonable search and seizure and in violation of the Fourth Amendment of the United States Constitution.

The arresting officer, a policeman of the City of Berkeley, California, while seated in his patrol car at approximately 8:00 p. m., parked in the parking lot of an abandoned service station, in Berkeley, California, observed appellant emerge from the passenger side of a panel truck which had been driven into the lot. Appellant walked in front of the truck to a wall, and with his back to the officer, placed his hands near his crotch. When the officer moved his car to a position near appellant, he observed appellant pulling his zipper up and noted the pavement was wet. When questioned by the officer, appellant explained that he had recently had surgery and that it was necessary to urinate frequently. The officer told appellant that he was under arrest for violating a City Ordinance prohibiting such conduct. The only persons in the lot were appellant, the driver and a passenger in the truck, and the police officer.

Upon questioning, the appellant and the driver of the truck identified themselves. The officer reached into appellant's coat pocket and found a plastic vial containing several pills, which the officer examined but did not identify. Appellant explained that the pills were for medication of the disease that related to the surgery. The officer returned the vial containing the pills to the appellant.

The arresting officer returned to his car and made a warrant check on appellant by radio. While doing so, he observed appellant's physical condition more closely. The officer testified that appellant's eyes were bloodshot, his speech was slurred, and he had difficulty in maintaining his balance. The officer became aware that appellant might be under the influence of alcohol or sedation. The officer ordered appellant to produce the pill vial for another examination. In the pill vial the officer saw pills that looked to him like LSD, and arrested appellant for possession of the same. Along with the suspected LSD in the pill container was one codeine pill which forms the basis of appellant's conviction of a violation of Health and Safety Code § 11500.

The officer searched the truck in which appellant was riding and removed from the truck a duffel bag which the officer examined and discovered therein greenish-brown vegetable matter and seeds which the officer considered to be marihuana and thereupon arrested appellant for possession of marihuana.

As noted above, the arresting officer first arrested appellant for the violation of an Ordinance of the City of Berkeley prohibiting urination in public. The only Ordinance of the City of Berkeley called to our attention is Ordinance No. 553–NS, as amended, "Declaring certain conditions to be nuisances and

making it unlawful to maintain any such condition after notice of its maintenance." The Ordinance is a lengthy one, declaring a series of conditions of property to be nuisances, providing for the giving of abatement notices, the duties of health and police officers, the abatement of nuisances, and providing penalties for any person who shall violate any provisions of the Ordinance by fine, or imprisonment, or both. So far as the record reveals, no complaint was ever filed against the appellant charging him with violating any provision of said Ordinance, or of any other Ordinance of the City of Berkeley, following his arrest for public urination.

Nothing in said Ordinance purports to make it a crime to urinate in public. No decision of the reviewing courts of California has been called to our attention which construes said Ordinance so as to include the act of public urination as being an offense condemned by the Ordinance. From our examination of the Ordinance we are satisfied that it does not.

It follows from the foregoing that the arrest of appellant for public urination was invalid since the arrest was for a nonexistent offense. The first search of appellant's person, therefore, cannot be justified as a valid search incident to a valid arrest. The knowledge possessed by the officer at the time of the first search was wholly insufficient to cause the arresting officer, as a prudent person, to have probable cause to believe that the appellant had committed, or was then committing, a violation of the drug or narcotic laws of the State of California, or any other penal statute of the State of California.

The appellee contends in his brief that the arresting officer, at the time of the first search, had probable cause to believe that appellant was violating § 314, subd. 1 of the Penal Code of the State of California, or § 647f of the Penal Code of the State of California.

The United States District Court in denying the petition for writ of habeas corpus stated:

"On the search and seizure issue, this Court concludes after an extensive study of the preliminary hearing transcript, that Officer Williamson had probable cause to arrest petitioner for violation of California Penal Code Section 314; and the search was constitutionally permissible as incidental to the lawful arrest and therefore the narcotics were lawfully found in petitioner's pocket."

Section 314, subd. 1 provides, in relevant part, that

"Every person who willfully and lewdly, either

1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby; * * * is guilty of a misdemeanor."

The term "lewd" is defined as:

"4] lustful; libidinous; lascivious; unchaste; as, a *lewd* man; *lewd* thoughts; *lewd* in speech and behavior."

Synonyms given are: "licentious, lecherous, dissolute, sensual; debauched, impure; obscene, salacious, pornographic."

Webster's International Dictionary, Unabridged (2d ed.)

Section 647f provides in substance that every person who is found in any public place under the influence of intoxicating liquor, or any drug, in such condition that he is unable to exercise care for his own safety or the safety of others, or interferes with or obstructs or prevents the free use of any street, sidewalk, or other public way, shall be guilty of disorderly conduct, a misdemeanor.

From our review of the record, the knowledge possessed by the arresting officer at the time of the first search was wholly insufficient to cause him, as a prudent person, to have reasonable cause to believe that at that time the appellant

had committed, or was committing a violation of either Section 314, subd. 1, or Section 647f.

In its opinion the District Court of Appeals stated:

"Although there was some confusion in Officer Williamson's testimony as to the precise sequence of events in the parking lot, he explicitly testified that he observed defendant's apparent physical condition before making any search. The trial court was therefore justified in concluding (1) that the officer, from his observations and his experience, had reasonable cause to make a narcotics-related (or dangerous-drug-related) arrest before he searched defendant's person; and (2) that the search was incident, not to defendant's arrest on the charge of urinating in public (which preceded the search), but to the arrest for possession of LSD (which followed it). * * * The search having been reasonable, the codeine found in the pill container was admissible." [Citations and footnote omitted.]

Such statement overlooks the salient fact that there were two searches of appellant's person. The record clearly establishes that it was not until after the first, invalid search revealed possession by appellant of pills that the officer had reasonable cause to make a narcotics-related or dangerous-drug-related arrest.

Since the unlawful first search of appellant's person revealed the possession by appellant of various pills, including the codeine pill upon which he was convicted, the contraband discovered in the second search was the fruit of a poisoned tree. Such fruit was inadmissible in evidence and should have been suppressed.

Appellant's conviction was in violation of the rights guaranteed to him under the Fourth Amendment to the Constitution of the United States.

The order of the district court denying appellant's petition for writ of habeas corpus is vacated and the cause is remanded to the district court with instructions to grant the petition unless within thirty days from the filing of this opinion the State of California elects to retry the appellant.