[Crim. No. 15986. In Bank. June 13, 1972.]

In re CHAD MERRILL SMITH on Habeas Corpus.

## COUNSEL

Odorico & Franklin and J. David Franklin for Petitioner.

Evelle J. Younger, Attorney General, Herbert L. Ashby, Chief Assistant Attorney General, Doris H. Maier, Assistant Attorney General, Mark L. Christiansen and Alexander B. McDonald, Deputy Attorneys General, for Respondent.

## OPINION

**MOSK, J.**—This is a petition for writ of habeas corpus by Chad Merrill Smith, who is under the constructive restraint of probation following his conviction of indecent exposure. (Pen. Code, § 314, subd. 1.)

The issue is whether the act of sunbathing in the nude on an isolated

beach, without intent to engage in sexual activity, is punishable under a statute which makes it a crime to "willfully and lewdly" expose the private parts of the body. We conclude that the conduct in question is not prohibited by this statute, and hence that the writ should issue.

The facts are undisputed. On the morning of August 7, 1970, petitioner and a male friend went to a beach for the purpose of sunbathing. Although the beach was open to the public, it was not in a residential area and was apparently used by relatively few people.[1] Petitioner removed all his clothes, lay down on his back on a towel, and fell asleep.

Some hours later the police appeared on the scene and arrested petitioner on a charge of indecent exposure. By that time several other persons were present on the beach.[2] It was stipulated, however, that petitioner at no time had an erection or engaged in any activity directing attention to his genitals.

Petitioner was found guilty as charged; the imposition of sentence was suspended for three years, and he was placed on informal probation to the court on the condition he pay a fine of $100. He subsequently learned he was also required to register as a sex offender pursuant to Penal Code section 290. He appealed, but the superior court appellate department affirmed the conviction and the Court of Appeal denied his application to transfer the case for further review.

Penal Code section 314, the statute which petitioner was convicted of violating, provides in relevant part that: "Every person who *willfully and lewdly,* either 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." (Italics added.)

As used in our penal statutes, the word "willfully" "implies simply a purpose or willingness to commit the act" (Pen. Code, § 7, subd. 1). There is no doubt that a person, as here, who fully disrobes in a public place for the purpose of sunbathing, "willfully"—i.e., intentionally— exposes himself within the meaning of section 314. The issue is whether he also does so "lewdly."

---

[1] According to petitioner's statement to the probation officer, he and his friend "walked down the beach far enough that we were out of sight from anyone and appeared to be isolated."

[2] The trial court summarized the police report as stating that "A young couple had just walked by [Smith]. A group of juvenile boys came out of the surf about fifty feet west of Smith. Three juvenile girls were lying on the beach approximately fifty feet south of Smith. One of the girls was looking up, looking in Smith's direction."

The separate requirement that the intent of the actor be "lewd" is an essential element of the offense declared by section 314. (*In re Mikkelsen* (1964) 226 Cal.App.2d 467, 472, fn. 2 [38 Cal.Rptr. 106]; *In re Correa* (1918) 36 Cal.App. 512 [172 P. 615] [construing § 311, predecessor to § 314].) The relevant dictionary meaning of "lewd" is "sexually unchaste or licentious," "dissolute, lascivious," "suggestive of or tending to moral looseness," "inciting to sensual desire or imagination," "indecent, obscene, salacious." (Webster's New Internat. Dict. (3d ed. 1961) p. 1301.)

The term has most often been judicially defined in cases applying the statute which makes it a crime to "wilfully or lewdly commit any lewd or lascivious act" upon a child (Pen. Code, § 288.) In that context "lewd" is said to mean "dissolute," "wanton," "debauched" (*People* v. *Loignon* (1958) 160 Cal.App.2d 412, 420 [325 P.2d 541]), and "lustful, immoral, seductive or degrading" (*People* v. *Webb* (1958) 158 Cal.App.2d 537, 542 [323 P.2d 141]). The statute itself declares that to commit such an act "wilfully and lewdly" means to do so "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires" of the persons involved.

We are referred to no case defining "lewdly" as used in section 314; but in the reported decisions upholding convictions of that offense against a claim of insufficient evidence, something more than mere nudity has usually been shown. Thus in *People* v. *Succop* (1967) 67 Cal.2d 785, 787 [63 Cal.Rptr. 569, 433 P.2d 473], the defendant stood naked outside his home and "moved his hand over his private parts" in the presence of women and children. In *People* v. *Merriam* (1967) 66 Cal.2d 390, 392-393 [58 Cal.Rptr. 1, 426 P.2d 161], the defendant in one count stood masturbating in front of the female tenant whose apartment he had entered, while in another count he entered a laundromat and a female customer "looked up and saw that he had exposed himself and was holding his penis in his hand, facing her." In *People* v. *Sanchez* (1965) 239 Cal.App.2d 51, 53 [48 Cal.Rptr. 424], the defendant was seen to masturbate in the doorway of an apartment house, and admitted to the police that he had taken out his penis and "played with it." In *People* v. *Williams* (1960) 183 Cal.App.2d 689, 690 [7 Cal.Rptr. 56], the defendant exposed himself by positioning his body so that his head was inside his parked car while the lower portion of his body was outside. In *People* v. *Evans* (1956) 138 Cal.App.2d 849, 850-851 [292 P.2d 570], the defendant exposed himself while seated in his car and invited a 14-year-old girl, whom he had previously followed on a number of occasions, to look inside. And in *In re Bevill* (1968) 68 Cal.2d 854, 862 [69 Cal.Rptr. 599, 442 P.2d 679], we held

that a defendant who masturbated in the presence of two children should have been convicted of violating section 314 rather than another statute.[3]

■ From the foregoing definitions and cases the rule clearly emerges *that a person does not expose his private parts "lewdly" within the meaning of section 314 unless his conduct is sexually motivated.* Accordingly, a conviction of that offense requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront.[4]

■ The necessary proof of sexual motivation was not and could not have been made in the case at bar. It is settled that mere nudity does not constitute a form of sexual "activity." (See, e.g., *Manual Enterprises* v. *Day* (1962) 370 U.S. 478, 490 [8 L.Ed.2d 639, 648, 82 S.Ct. 1432]; *Sunshine Book Co.* v. *Summerfield* (1958) 355 U.S. 372 [2 L.Ed.2d 352, 78 S.Ct. 365] (per curiam); *In re Panchot* (1969) 70 Cal.2d 105, 108 [73 Cal.Rptr. 689, 448 P.2d 385]; *People* v. *Noroff* (1967) 67 Cal.2d 791, 794 and fn. 6 [63 Cal.Rptr. 575, 433 P.2d 479]; cf. *Boreta Enterprises, Inc.* v. *Department of Alcoholic Beverage Control* (1970) 2 Cal.3d 85, 101-102 [84 Cal.Rptr. 113, 465 P.2d 1]; *Robins* v. *County of Los Angeles* (1966) 248 Cal.App.2d 1, 10-11 [56 Cal.Rptr. 853].) ■ Absent additional conduct intentionally directing attention to his genitals for sexual purposes, a person, as here, who simply sunbathes in the nude on an isolated beach does not "lewdly" expose his private parts within the meaning of section 314.

Our reading of the statute is reinforced by a consideration of its consequences. Since 1969, the fingerprints and description of every person arrested on a charge of violating section 314 must immediately be filed with the State Bureau of Criminal Identification and Investigation—i.e.,

---

[3]The People's reliance on *People* v. *Kerry* (1967) 249 Cal.App.2d 246 [57 Cal. Rptr. 289], is misplaced. There the issue was not sufficiency of the evidence but the propriety of admitting proof of prior offenses of the same nature. In any event, in one count in that case the defendant stepped naked from behind some trash cans in the presence of two schoolgirls, while in the second count he appeared naked in a laundromat, "touched his private parts, knelt to his knees in front of [a female customer] and performed an act." (*Id.* at p. 249.)

[4]*Wainwright* v. *Procunier* (9th Cir. 1971) 446 F.2d 757, is in accord. There a Berkeley policeman on evening patrol observed the defendant urinate against the wall of an abandoned service station. When questioned, the defendant explained he had recently undergone surgery making it necessary for him to urinate frequently. No other persons were present but the defendant's own companions. The federal appellate court rejected the People's contention that the officer had probable cause to arrest the defendant for indecent exposure under section 314, subdivision 1. Emphasizing the sexual connotations of the requirement that the act be performed "lewdly," the court held the statute inapplicable as a matter of law to the defendant's conduct.

before the suspect is even convicted of the offense. (Pen. Code, § 11112; see also Pen. Code, § 11107.) If he is convicted, Penal Code section 290 then compels him to register as a sex offender with the chief of police of the city in which he temporarily or permanently resides. The required registration documents include a signed informational statement, finger-prints, and photographs, all of which are promptly forwarded to the above-mentioned state bureau. Every change of address must thereafter be re-ported within 10 days by the registrant, and failure to comply with any of the terms of the law is punishable as a misdemeanor. Section 290 comes auto-matically into operation upon a conviction of violating section 314, and results in a lifelong regime of registration and reregistration unless and until a court releases the offender from the disabilities of that conviction (see Pen. Code, § 1203.4).

In *Barrows* v. *Municipal Court* (1970) 1 Cal.3d 821 [83 Cal.Rptr. 819, 464 P.2d 483], we had occasion to consider the bearing of section 290 on a similar issue, i.e., whether the vagrancy statute prohibiting "lewd or dissolute conduct in a public place" (Pen. Code, § 647, subd. (a)) was intended to apply to live theatrical performances. Conviction under that statute also triggers the operation of section 290. We explained that "The purpose of section 290 is to assure that persons convicted of the crimes enumerated therein shall be readily available for police surveillance at all times because the Legislature deemed them likely to commit similar offenses in the future." (*Id.* at pp. 825-826.) Turning to the nature of the offense actually charged, we reasoned (at pp. 826-827): "It would be irrational to impose upon an actor in a theatrical performance or its director a lifetime requirement of registration as a sexual offender because he may have performed or aided in the performance of an act, perhaps an obscene gesture, in a play. It is an errant concept we cannot attribute to the Legis-lature that persons convicted of such an offense will require constant police surveillance in order to prevent them from committing similar crimes against society in the future." (Fn. omitted.) We concluded that section 647, subdivision (a), was therefore not intended to apply to live theatrical performances.

By parity of reasoning, we cannot attribute to the Legislature a belief that persons found to be sunbathing in the nude on an isolated beach "require constant police surveillance" to prevent them from committing such "crimes against society" in the future. Lacking that belief, the Legis-lature could not reasonably have intended that section 314, subdivision 1, apply to the conduct here in issue.

It follows that on the undisputed facts of this case petitioner's conduct was not prohibited by the statute under which he was convicted. In such

circumstances, he is entitled to the relief of habeas corpus. (*In re Zerbe* (1964) 60 Cal.2d 666, 668 [36 Cal.Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840]; *In re Bevill* (1968) *supra,* 68 Cal.2d 854, 863.)

The writ is granted. The judgment is vacated, and petitioner is discharged from the restraints thereof.

Wright, C. J., McComb, J., Peters, J., Tobriner, J., Burke, J., and Sullivan, J., concurred.