Opinion
THE COURT.*
Riviera and Rodrigues appeal from a conviction by court trial of violating Penal Code section 647, subdivision (a). The complaint charged them with unlawfully engaging in “lewd and dissolute conduct in a place exposed to public view.” Riviera filed a brief in which Rodrigues later joined, and an amici curiae brief was submitted by attorneys for the American Civil Liberties Union Foundation of Southern California.
The settled facts presented to this court are that appellants were observed by the arresting officers at a freeway rest stop in the Fontana area along Interstate 10 early in the morning in question. For a period of at least one hour and forty minutes appellants, sitting in a parked car, *Supp. 4 engaged in kissing, hugging, and sitting, alternately, on each other’s laps. On one occasion one man was observed touching the other’s thigh.
Appellants make, two contentions on appeal. They say first that Penal Code section 647, subdivision (a), is unconstitutionally vague. Then they argue that, in any event, their described conduct did not constitute a violation of that statute.
Their first contention is quickly answered by reference to the decision in In Re Giannini (1968) 69 Cal.2d 563 [72 Cal.Rptr. 655, 446 P.2d 535], There the words “lewd and dissolute” were upheld by equating them with the constitutionally sufficient term - “obscene.” (At p. 571, fn. 4.) Then in Silva v. Municipal Court (1974) 40 Cal.App.3d 733, 738 [115 Cal.Rptr. 479], this holding was applied specifically to the statute here in question.
We think the Silva case also disposes of appellants’ second contention. There the court took the obscenity definition which was phrased in Giannini and elsewhere in the context of First Amendment activities and applied it to a mere conduct situation such as this one. It said that Penal Code section 647, subdivision (a), is violated by “that sort of sexual conduct which is ‘grossly repugnant’ and ‘patently offensive’ to ‘generally accepted notions of what is appropriate’ and decent according to statewide contemporaiy community standards.” (40 Cal.App.3d at p. 741.) While the laws in this state have certainly changed recently as to private sexual conduct, we agree with the trial court that prolonged public conduct such as is involved here is still proscribed by Penal Code section 647, subdivision (a).
Our opinion is not changed by appellants’ reliance on two cases in which the Penal Code section 290 registration requirement attendant upon a conviction of violating section 647, subdivision (a), was used as a basis for holding certain conduct to be outside the purview of section 647, subdivision (a). In Barrows v. Municipal Court (1970) 1 Cal.3d 821, 826 [83 Cal.Rptr. 819, 464 P.2d 483], the court held that the Legislature did not intend to subject First Amendment type activities to section 290’s registration provisions. It felt that an impermissible inhibiting effect upon First Amendment activities would otherwise result. (At p. 827.) This case is clearly distinguishable. In In Re Smith (1972) 7 Cal.3d 362 [102 Cal.Rptr. 335, 497 P.2d 807], the court also spoke of the section 290 test, but it may be said that the discussion is mere dicta. The court found *Supp. 5 that in any event that defendant’s conduct did not amount to the crime in question, indecent exposure. (Pen. Code § 314, subd. 1.) Also, the conduct there (nude sunbathing on an isolated beach) was not sexual conduct.
Besides supporting appellants’ two contentions, amici curiae raise two additional issues, discriminatory enforcement and cruel and unusual punishment. “Amicus curiae must accept the issues made and the propositions urged by the appealing parties, and any additional questions presented in a brief filed by an amicus curiae will not be considered.” (Eggert v. Pacific States S. & L Co. (1943) 57 Cal.App.2d 239, 251 [136 P.2d 822]. See also Great Western S. & L. Assn. v. City of Los Angeles (1973) 31 Cal.App.3d 403, 413 fn. 14 [107 Cal.Rptr. 359]; Short Stop, Inc. v. Fielder (1971) 17 Cal.App.3d 435, 439 [95 Cal.Rptr. 102]; Pratt v. Coast Trucking Inc. (1964) 228 Cal.App.2d 139, 143 [39 Cal.Rptr. 332].) In any event, neither of the additional contentions is persuasive.
In the first place, there was no showing in the record on appeal that appellants did not waive any discriminatory law .enforcement defense. There was no record that the issue was raised at trial by a timely motion. (See People v. Sperl (1976) 54 Cal.App.3d 640 [126 Cal.Rptr. 907].) Beyond that, however, we do not believe that the mere statement by one of the arresting officers that he “probably” would not have arrested a mixed couple for the same conduct establishes invidious discrimination. Furthermore, such conduct on the part of the arresting officers would not be based on an “unjustifiable standard,” for appellants’ conduct was “lewd and dissolute,” as defined above, where the mixed couple’s would not appear to be. Secondly, we are not persuaded that Penal Code section 290’s registration requirement is “out of all proportion to the offense” so as to constitute cruel and unusual punishment. (In Re Lynch (1972) 8 Cal.3d 410, 424 [105 Cal.Rptr. 217, 503 P.2d 921].)
The judgment appealed from is affirmed.

Before Cunningham, P. J., Busch, J., and Haberkorn, J.