[No. B141113. Second Dist., Div. One. Dec. 21, 2000.]

In re DALLAS W., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DALLAS W., Defendant and Appellant.

938

## COUNSEL

Jill A. Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**VOGEL (MIRIAM A.), J.**—On a summer day, as 16-year-old Dallas W. and four friends walked along a public street in Artesia, Dallas twice stopped to moon oncoming traffic.[1] Sean Warner, an employee of the City of Artesia, happened to be across the street. "[A]ngry and concerned for the safety of people in the street," Warner called the police. When a deputy sheriff responded, Warner was quite "adamant that he wanted some action taken being that he was working for the City . . . ." Warner demanded that Dallas be detained and cited, which he was. Dallas was charged by petition (Welf. & Inst. Code, § 602) with misdemeanor indecent exposure (Pen. Code, § 314, subd. 1),[2] and an adjudication hearing was held. The juvenile court found this was "a mooning case," and that Dallas had "exposed his buttocks . . . with the intent to annoy and affront people." The court specifically found that Dallas did *not* act with "sexual intent in the sense that he intended to arouse himself or a third person by his act. I think he did it strictly to annoy and to affront people." The petition was nevertheless sustained, and Dallas was made a ward of the court. He appeals. Because the court found Dallas acted without any sexual intent, we reverse.

---

[1]To "moon" is "[t]o exhibit one's bare buttocks as a defiant or amusing gesture, usu[ally] at a window." (Chapman, American Slang (Harper Paperbacks 1987) p. 289.)

[2]Undesignated section references are to the Penal Code.

## Discussion

■ Dallas contends the evidence is insufficient to support the finding of indecent exposure because there is no evidence that he bared his buttocks "lewdly." We agree.

As relevant, section 314 provides that "[e]very person who willfully and lewdly . . . [¶] [e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby[,] . . . [¶] . . . is guilty of a misdemeanor." (§ 314, subd. 1.) Under section 314, "lewd" intent is an essential element of the offense, and "something more than mere nudity" must be shown. (*In re Smith* (1972) 7 Cal.3d 362, 365 [102 Cal.Rptr. 335, 497 P.2d 807].) "[A] person does not expose his private parts 'lewdly' within the meaning of section 314 unless his conduct is sexually motivated. Accordingly, a conviction of that offense requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront." (*In re Smith, supra,* 7 Cal.3d at p. 366.) In *Smith,* the Supreme Court held that, without evidence that a sunbather had "intentionally direct[ed] attention to his genitals for sexual purposes," the sunbather's nude sunbathing on an isolated beach did not " 'lewdly' expose his private parts within the meaning of section 314." (*In re Smith, supra,* 7 Cal.3d at p. 366.)

The juvenile court thought it was enough that Dallas had acted with the intent to "affront." It was not. As used in *Smith,* the word "sexual" modifies "arousal," gratification," and "affront," not just "arousal" and "gratification." (*In re Smith, supra,* 7 Cal.3d at p. 366.) "Affront" must be read as "sexual affront."

Depending upon how it is read, CALJIC No. 16.220 may be inconsistent with *Smith* and, therefore, with the result we reach in this case—because it defines "lewdly" as used in subdivision 1 of section 314 to mean "with specific intent to direct public attention to one's person [or] genitals for the purpose of one's own *sexual arousal or gratification,* or that of another, *or to affront others.*" (Italics added.) In Dallas's case, the juvenile court read "to affront others," as set out in the instruction, as a nonmodified independent clause (so the affront need not be sexual). So construed, the instruction is not a proper statement of the law. (*In re Smith, supra,* 7 Cal.3d at p. 366; see also *People v. Swearington* (1977) 71 Cal.App.3d 935, 943 [140 Cal.Rptr. 5] [sexual motivation is a prime requisite for conduct to constitute lewd conduct under section 314]; *Eckl v. Davis* (1975) 51 Cal.App.3d 831, 842 [124 Cal.Rptr. 685] [nudity, in and of itself, is not within the proscription of section 314]; *Wainwright v. Procunier* (9th Cir. 1971) 446 F.2d 757.)

We leave it to others to straighten out the problem with CALJIC No. 16.220. For us, the bottom line is the juvenile court's finding that Dallas acted only to annoy and affront people and *not* with "sexual intent in the sense that he intended to arouse himself or a third person by his act." Dallas may have been guilty of some other offense (see §§ 370, 372), and he certainly exhibited bad judgment and poor taste—but the trial court's findings make it clear that Dallas did not violate section 314.

## DISPOSITION

The order sustaining the petition is reversed.

Spencer, P. J., and Mallano, J., concurred.

A petition for a rehearing was denied January 17, 2001, and the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied March 28, 2001.