[No. C038718. Third Dist. May 14, 2002.]

THE PEOPLE, Plaintiff and Respondent, v.
LARRY MICHAEL ARCHER, Defendant and Appellant.

## COUNSEL

Laura Schaefer, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, and John G. McLean, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—Defendant Larry Michael Archer was convicted of indecent exposure under Penal Code section 314, subdivision 1, based on an incident of "road rage" in which he angrily displayed his penis to another driver. (All further undesignated statutory references are to the Penal Code.) On appeal, defendant claims there was no evidence he acted with the "lewd" intent required to support his conviction. Because even defendant agrees the evidence was sufficient to support a finding he exposed his genitals to the other driver to annoy or offend her, we conclude the evidence was sufficient to support his conviction. Accordingly, we will affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

In May 2000, the victim was driving her vehicle on Watt Avenue in Sacramento. Traffic was heavy because of construction and cars were required to merge into one lane. The victim noticed defendant driving his truck behind her. Defendant was swerving back and forth, tailgating, waving his hands and "flipping [her] off." As defendant got close to the victim, she leaned out her window and yelled, "I hope you have insurance for when you hit me." Defendant replied by calling her a couple of obscene names, and she "flipped him off." Defendant got very close to her vehicle, backed off, then repeated this behavior. He appeared to be very angry and the victim became nervous.

When the construction zone ended, three lanes were open. The victim got in the far left lane and defendant drove in the middle lane, yelling at her. They stopped at an intersection and defendant continued to yell at her. When she looked over at him, defendant lifted the lower part of his body, exposed his penis to her and yelled at her to "suck [my] dick." Defendant then put his truck into reverse, positioned it behind her vehicle, and started bumping the back of her vehicle with his.

When the light turned green, defendant pulled in front of the victim. She wrote his license plate number down on her hand. As they proceeded up the road, defendant again moved to the lane next to her. At the next intersection, defendant pulled out a black handgun and pointed it at her, yelling "I hope you have life insurance for when I shoot you." The frightened victim ran the red light and drove directly to a nearby sheriff's substation. Defendant made a U-turn and drove off.

Defendant was convicted by a jury of one count of unlawfully exhibiting a firearm (§ 417.3), two counts of being a convicted felon in possession of a firearm (§ 12021, subd. (a)), and one count of indecent exposure (§ 314, subd. 1). On appeal, defendant challenges only his indecent exposure conviction.

## DISCUSSION

Section 314 provides in pertinent part: "Every person who willfully and lewdly . . . [¶] 1. Exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . [¶] . . . is guilty of a misdemeanor." "The separate requirement that the intent of the actor be 'lewd' is an essential element of the offense . . . ." (*In re Smith* (1972) 7 Cal.3d 362, 365 [102 Cal.Rptr. 335, 497 P.2d 807] (*Smith*).)

Defendant contends there is insufficient evidence to support his indecent exposure conviction because there was no evidence of "lewd" intent. We disagree.

Our Supreme Court confronted the issue of what it means to act "lewdly" for purposes of section 314 in *Smith, supra,* 7 Cal.3d at page 362, a case involving a nude sunbather on an isolated beach. After discussing the dictionary definition of the word "lewd" and various cases in which the courts had defined that word in the context of a different criminal statute, the Supreme Court concluded that "a person does not expose his private parts 'lewdly' within the meaning of section 314 unless his conduct is sexually motivated. Accordingly, a conviction of that offense requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes

of sexual arousal, gratification, or affront." (*Id.* at p. 366.) The court went on to conclude that "mere nudity does not constitute a form of sexual 'activity'" and that "[a]bsent additional conduct intentionally directing attention to his genitals for sexual purposes, a person, as here, who simply sunbathes in the nude on an isolated beach does not 'lewdly' expose his private parts within the meaning of section 314." (*Ibid.*)

Recently, Division One of the Second Appellate District addressed the lewdness element of section 314 in a juvenile delinquency case arising from a "mooning" incident. (*In re Dallas W.* (2000) 85 Cal.App.4th 937 [102 Cal.Rptr.2d 493] (*Dallas*).) It is from the decision in *Dallas* that defendant draws his argument in this case. Accordingly, we turn our attention to that decision.

In *Dallas*, after a 16-year-old boy "twice stopped to moon oncoming traffic" while walking with friends along a public street, he was charged by delinquency petition with indecent exposure in violation of section 314, subdivision 1.[1] (*Dallas, supra,* 85 Cal.App.4th at p. 938.) In sustaining the petition, the juvenile court specifically found the youth had not acted with "'sexual intent in the sense that he intended to arouse himself or a third person by his act,'" but that he had "'exposed his buttocks . . . with the intent to annoy and affront people.'" (*Ibid.*)

On appeal, the appellate court reversed the order sustaining the petition because, in its estimation, there was no evidence the youth had bared his buttocks "lewdly." (*Dallas, supra,* 85 Cal.App.4th at p. 939.) In so concluding, the court focused on the Supreme Court's discussion of lewdness in *Smith*—specifically, on that part of *Smith* in which the Supreme Court held that a conviction of indecent exposure in violation of section 314 requires proof that the defendant exposed himself "for purposes of sexual arousal, gratification, or affront." (*Smith, supra,* 7 Cal.3d at p. 366.) According to the appellate court, the juvenile court had misunderstood the lewdness requirement of section 314, as explained in *Smith*, because "[t]he juvenile court thought it was enough that Dallas had acted with the intent to 'affront.'" (*Dallas, supra,* 85 Cal.App.4th at p. 939.) The appellate court explained that simple affront was not enough; instead, "[a]s used in *Smith*, the word 'sexual' modifies 'arousal,' 'gratification,' and 'affront,' not just 'arousal' and 'gratification.' [Citation.] 'Affront' must be read as 'sexual affront.'" (*Ibid.*) The appellate court then went on to conclude that the juvenile court's factual findings actually precluded a finding that the defendant acted

---

[1]The court defined "mooning" as "'exhibit[ing] one's bare buttocks as a defiant or amusing gesture.'" (*Dallas, supra,* 85 Cal.App.4th at p. 938, fn. 1, quoting Chapman, American Slang (Harper Paperbacks 1987) p. 289.)

"lewdly," as that term was interpreted in *Smith*: "For us, the bottom line is the juvenile court's finding that Dallas acted only to annoy and affront people and *not* with 'sexual intent in the sense that he intended to arouse himself or a third person by his act.' Dallas may have been guilty of some other offense (see §§ 370, 372), and he certainly exhibited bad judgment and poor taste—but the trial court's findings make it clear that Dallas did not violate section 314." (*Id.* at p. 940.)

Relying on *Dallas*, defendant contends "there was no evidence to suggest [he] had a sexual motive in exposing his penis" to the victim because, while "the evidence certainly supports a finding that [he] intended to offend or annoy" the victim, the evidence does not support a finding he intended to "sexually arouse her."

To the extent the opinion in *Dallas* suggests a person does not violate section 314 if he does not intend " 'to arouse himself or a third person by his act' " (*Dallas, supra,* 85 Cal.App.4th at p. 940), that suggestion is contrary to the Supreme Court's decision in *Smith.* As the Supreme Court made clear, a person acts "lewdly" for purposes of section 314 if he exposes himself "for purposes of sexual arousal, gratification, *or* affront." (*Smith, supra,* 7 Cal.3d at p. 366, italics added.) We agree with the *Dallas* court that the Supreme Court intended the word "sexual" to modify all three words that follow it. However, contrary to the suggestion of the *Dallas* court's decision, because the word "sexual" modifies "affront," to violate section 314 a defendant does not have to act for purposes of either sexual arousal or sexual gratification. Instead, it is enough if the defendant exposed himself for purposes of "sexual affront."[2] The issue presented here is whether the evidence in this case was sufficient to allow the jury to find defendant acted for purposes of sexual affront, rather than purposes of *nonsexual* affront. We conclude it was.

██ To "affront" someone is "to insult esp[ecially] to the face by behavior or language." (Webster's 10th New Collegiate Dict. (2000) p. 20, col. 2.) A synonym for "affront" is "offend." (*Ibid.*) ██ Thus, a defendant who intentionally exposes "his person, or the private parts thereof" to another for the purpose of *sexually* insulting or offending the other person commits indecent exposure in violation of section 314.

---

[2]As the *Dallas* court noted, CALJIC No. 16.220 is ambiguous as to whether *sexual* affront is required to commit indecent exposure in violation of section 314, subdivision 1. (*Dallas, supra,* 85 Cal.App.4th at p. 940.) That instruction provides, in part, that the defendant must have acted "with specific intent to direct public attention to one's [person] [genitals] for the purpose of one's own sexual arousal or gratification, or that of another, or to affront others." The propriety of CALJIC No. 16.220 is not at issue in this appeal, however, because the trial judge astutely added the word "sexually" before the word "affront," thereby ensuring the instruction given the jury was a proper statement of the law.

Defendant's act of exposing his penis in anger during an incident of "road rage," accompanied by the comment, "suck [my] dick," can reasonably be characterized as an act undertaken for the purpose of *sexual* affront. Accordingly, substantial evidence supports defendant's indecent exposure conviction.

DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 31, 2002. Brown, J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.