TASHIMA, Circuit Judge,
dissenting:
I would hold that the BIA erred when it held that there was no “realistic probability” that California would apply Penal Code § 243.4(e) to conduct that is not morally turpitudinous. In fact, California has done just that in cases the BIA did not consider. I therefore dissent.
In In re Carlos C., 2012 WL 925029 (Cal.Ct.App.2012), California applied § 243.4(e) to a middle school student, who slapped his classmate-victim “with an open hand in her crotch area.” Id. at *1. The *1271 defendant claimed that his friends had told him to. Id. The victim was “mad, embarrassed, and ‘kind of scared.” Id. She chased the defendant, who “ran away laughing.” Id. The court explained that it was reasonable to conclude that the defendant “understood that his action would embarrass and humiliate” the victim. Id. at *3.
In re Carlos C followed the reasoning of In re Shannon T., 144 Cal.App.4th 618, 50 Cal.Rptr.3d 564 (2006), in which California interpreted § 243.4(e) to not require that the defendant be shown to have acted for the purpose of sexual arousal or gratification. Id. at 566. See also In re A.B., 2011 WL 193402 (Cal.Ct.App.2011) (holding that touching “an intimate part of [another’s] body for the purpose of insulting or humiliating” that person meets the statutory elements of § 243.4(e)).
This line of cases, which was not considered by the BIA, marks a sharp departure from the cases on which the BIA relied, all of which involved an element of sexual arousal or gratification.[1] See, e.g., People v. Dayan, 34 Cal.App.4th 707, 40 Cal. Rptr.2d 391 (1995) (dentist kissed and groped women without consent in his office). The BIA’s decision in this case is entitled only to Skidmore deference, see Marmolejo-Campos v. Holder, 558 F.3d 903, 909 (9th Cir.2009) (en banc), and because it does not reflect the current state of California law, I do not find it persuasive.[2] See id. (“Under Skidmore, the measure of deference afforded to the agency varies ‘depending] upon the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking the power to control.’ ” (quoting Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944))).
Our case law reveals that the conduct in In re Carlos C. was not so “base, vile, and depraved” as to reach the level of moral turpitude. In Nunez v. Holder, 594 F.3d 1124 (9th Cir.2010), we found that convictions for indecent exposure under California Penal Code § 314 are not categorically morally turpitudinous. Like § 243.4(e), § 314 is a specific intent crime. Its mens rea requirement is not substantially different from that of § 243.4(e), and may be satisfied by showing that the defendant exposed “his genitals for purposes of sexual arousal, gratification, or affront.” In re *1272 Smith, 7 Cal.3d 362, 365, 102 Cal.Rptr. 335, 497 P.2d 807 (1972). Moreover, our reasoning in Nunez demonstrates that actual harm is not always sufficient to find that a sexual crime involved moral turpitude: we provided two examples of indecent exposure cases from California in which the defendants had the requisite specific intent to sexually insult their victims, and where the victims suffered actual harm, for the proposition that the criminal conduct in those cases did not rise to the level of baseness and depravity characteristic of moral turpitude. See 594 F.3d at 1137-38.
The first case, People v. Archer, 98 Cal.App.4th 402, 119 Cal.Rptr.2d 783, 786-87 (2002), involved an extended road rage incident in which the defendant “exposed his penis and yelled ‘suck [my] dick’” at the victim before pulling out a gun and pointing it at her. Nunez, 594 F.3d at 1137 (quoting Archer, 119 Cal.Rptr.2d at 786-87). The victim was so shaken that she “ran [a] red light and drove directly to a nearby sheriffs substation.” Archer, 119 Cal.Rptr.2d at 785. The California Court of Appeal held that “the separate requirement that the intent of the [defendant] be ‘lewd’” was satisfied because “the defendant exposed himself for purposes of ‘sexual affront.’ ” Id. at 785-87 (quoting Smith, 7 Cal.3d at 365, 102 Cal.Rptr. 335, 497 P.2d 807).
In the second 12-year-old boy “pulled down his pants during class and showed his penis to two female classmates.” Nunez, 594 F.3d at 1137 (citing People v. Lionel M., 2007 WL 2924052 (Cal.Ct.App. 2007)). One of the victims explained later that day that she was upset by the incident, and found it inappropriate. See Lionel M., 2007 WL 2924052, at *2. The California Court of Appeal found that the defendant had “intended, through the shocking display of his genitalia, to annoy or offend his female classmates.” Id.
In each case, the defendant acted with the specific intent to sexually insult or offend his victims, and in each case he caused harm. We explained, however, that the conduct did not rise to the level of moral turpitude because “the only difference between their acts and the provocative insults and tasteless pranks that we have previously held to be non-morally turpitudinous is the element of sexuality involved.” Nunez, 594 F.3d at 1138. The facts of In re Carlos C. are no more base, vile, depraved, or shocking than those of Lionel M. or Archer.
Section 243.4(e) does contain a physical-contact element not present in the indecent exposure context, but our decision in Galeana-Mendoza v. Gonzales, 465 F.3d 1054 (9th Cir.2006), shows that the presence of a physical element does not automatically raise a crime to the level of categorically involving moral turpitude. In Galeana-Mendoza, we held that domestic battery is not categorically a crime involving moral turpitude. Id. at 1061. We explained that the level of contact necessary to satisfy the “use of force or violence” element under § 243(e)(1) was too slight to be categorically morally turpitudinous. Id. at 1059. The amount of force necessary under § 243.4(e) is no greater; simple “touching” suffices. Cal.Penal Code § 243.4(e). In Galeana-Mendoza we also held that the “special, domestic nature” of the relationship required between the assailant and victim was not an “inherent element evidencing grave acts of baseness or depravity.” Id. at 1059-61. If a domestic relationship between the assailant and his victim does not categorically raise a battery to the level of moral turpitude, then the requirement that the touching be to an intimate part is not an “other inherent element evidencing grave *1273 acts of baseness or depravity” either. See id. at 1061.
None of this is to excuse or minimize the criminal conduct at issue. As the California Court of Appeal noted in In re A.B., there are good policy reasons for adopting a broad interpretation of § 243.4(e). See 2011 WL 193402, at *3. The broadening of its interpretation to reach the conduct at issue in In re Carlos C. means, however, that there is at least a “realistic probability” that California will apply its misdemeanor sexual battery statute to conduct not involving moral turpitude (and, in fact, has already done so). See Nunez, 594 F.3d at 1129 (stating that one case is sufficient to establish that a crime does not categorically involve moral turpitude).
The majority concludes by mischaracterizing § 243.4(e)(1) as including a “requirement that the defendant specifically intend to damage his victim psychologically,” and such an intent “evidences the malicious intent that is the essence of moral turpitude.” But, as I have emphasized, the only intent required by § 243.4(e) is an intent to insult or humiliate, and we have held that such intent is not morally turpitudinous. See Nunez, 594 F.3d at 1138. The majority, in its zeal, loses sight of the fact that we are making a categorical analysis of § 243.4(e).
I would therefore reverse the decision of the BIA. Further, because Gonzalez-Cervantes’ plea proceedings and the judicially noticeable documents associated with his plea do not contain sufficient facts to establish moral turpitude under the modified categorical approach, see Sanchez-Avalos v. Holder, 693 F.3d 1011, 1014-15 (9th Cir.2012), I would grant his petition for review.
I respectfully dissent.

. I also note that because the specific intent required under § 243.4(e) no longer requires sexual arousal or gratification, but may now be satisfied by an intent to insult or humiliate, the crime of misdemeanor sexual battery in California may not "categorically be grouped with the crimes of 'sexual predation’ that elicit moral revulsion” characteristic of other crimes involving moral turpitude. See Nicano-Romero v. Mukasey, 523 F.3d 992, 999 (9th Cir.2008) (holding that the misdemeanor of annoying or molesting a child under the age of 18 years is not categorically a crime involving moral turpitude).

. The BIA relied solely on cases in which sexual arousal or gratification was a necessary element of a § 243.4(e) offense. But the majority, recognizing that under In re Carlos C. the mens rea requirement is not so limited, now provides what it considers to be a more adequate (and different) basis to uphold the BIA's decision. The majority thus goes beyond the ground relied on by the BIA in finding the offense categorically morally turpitudinous and, in doing so, runs afoul of the rule that the propriety of an agency’s decision must be judged "solely by the grounds invoked by the agency." SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947); see also Altamirano v. Gonzales, 427 F.3d 586, 595 (9th Cir.2005) (refusing to affirm under new theory in support of finding that alien had violated 8 U.S.C. § 1182(a)(6)(E)(i) where IJ's decision had been based on different understanding of that statute).