Filed 4/13/15  In re Benjamin B. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re Benjamin B., a Person Coming Under the Juvenile Court Law. | H041251 (Monterey County Super. Ct. No. J47755) |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | |
| Benjamin B., | |
| Defendant and Appellant. | |

The juvenile court sustained a wardship petition charging Benjamin B., a minor, with conduct that would constitute indecent exposure if committed by an adult.  (Pen. Code, § 314, subd. (1).)[1]  The court placed the minor on formal juvenile probation without wardship for a six-month period.

On appeal, the minor contends the evidence was insufficient to sustain a finding of indecent exposure in violation of his state and federal due process rights.  We conclude the evidence was sufficient to support the juvenile court's finding, and that the minor's due process rights were not violated.  Accordingly, we will affirm the judgment.

---

[1] Subsequent undesignated statutory references are to the Penal Code.

# I.  FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2013, Seaside High School Resource Officer Joshua Parker received a report of a student causing a disturbance on the north side of campus.  Officer Parker and the school principal responded to the scene, where they found the minor shouting expletives at the school liaison, Mr. Green.  The minor's shirt was hanging from his neck, exposing his bare chest.  He had begun yelling at Mr. Green after he was instructed to wear his shirt properly.

School officials attempted to speak with the minor, but he continued screaming obscenities, drawing a teacher and a number of students from a nearby classroom out into the hallway.  As the crowd of observers grew, Officer Parker asked the minor to go with him to another classroom where they could talk at a more appropriate volume.  The minor, stating that the principal would suspend him, began to leave.

Before leaving, the minor resumed yelling profanities and stated that "he wasn't going to listen to anybody."  He then exclaimed: "You can kiss my white butt, all of you," whereupon he pulled down his pants and underwear, exposing his penis and buttocks to bystanders.  The minor continued to walk away with his pants around his ankles.  A teacher who witnessed the display testified that "all the way from the top of [the minor's] shoes to the small of his back and everything in between was nude, both cheeks, both legs, both backs of his knees, and everything else."

Officer Parker and the principal caught up with the minor and pulled him out of the view of the rest of the crowd.  After pulling up the minor's pants, Officer Parker placed him under arrest.

The prosecution filed a juvenile wardship petition (Welf. & Inst. Code, § 602, subd. (a)) alleging the minor engaged in conduct that, if committed by an adult, would constitute indecent exposure (Pen. Code, § 314) and battery (Pen. Code §§ 242, 243).  The prosecution also alleged the minor was in possession of tobacco (Pen. Code, § 308, subd. (b).)

2

After a contested jurisdictional hearing, the juvenile court sustained the petition in part. The court found true the charge of indecent exposure, found the charge of tobacco possession not true, and granted the prosecution's motion to dismiss the battery charge for lack of evidence. At the dispositional hearing, the juvenile court placed the minor on probation without wardship for a six-month period.

## II. DISCUSSION

### A. *Standard of Review*

In considering the sufficiency of the evidence in proceedings before the juvenile court, this court applies the same standard of review that applies in criminal cases. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.) When reviewing the sufficiency of evidence, we ask " 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Young* (2005) 34 Cal.4th 1149, 1175 [citing *People v. Rowland* (1992) 4 Cal.4th 238, 269].) We review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—evidence that is reasonable, credible, and of solid value, that reasonably inspires confidence such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Marshall* (1997) 15 Cal.4th 1, 33; *People v. Johnson* (1980) 26 Cal.3d 557, 578.) The same standard of review applies under the federal Constitution. (*Jackson v. Virginia* (1979) 443 U.S. 307, 319.)

### B. *Sufficient Evidence Supports the Juvenile Court's Finding*

As relevant here, Penal Code section 314, subdivision (1) provides that "every person who willfully and *lewdly* . . . exposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby . . . is guilty of a misdemeanor." (Penal Code, § 314, subd. (1),

3

emphasis added.) "The separate requirement that the intent of the actor be 'lewd' is an essential element of the offense . . . ." (*In re Smith* (1972) 7 Cal.3d 362, 365 (*Smith*).)

In *Smith*, *supra*, our Supreme Court held that a "person does not expose his private parts 'lewdly' within the meaning of section 314 unless his conduct is sexually motivated." (*Smith*, *supra*, 7 Cal.3d at p. 366.) A finding of sexual motivation "requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront." (*Ibid.*) The court further concluded that "mere nudity does not constitute a form of sexual 'activity'. . . [a]bsent additional conduct intentionally directing attention to his genitals for sexual purposes." (*Id.* at p. 338 [holding that a nude sunbather on an isolated beach did not act with lewd intent].)

Neither party argues there was evidence of sexual arousal or gratification in this case. The sole question is whether the evidence was sufficient to allow the juvenile court to conclude the minor intentionally exposed himself for the purposes of "sexual affront." (*In re Dallas W.* (2000) 85 Cal.App.4th 937, 939 (*Dallas W.*).) Such an affront is found when a defendant "intentionally exposes 'his person, or the private parts thereof' to another for the purpose of *sexually* insulting or offending the other person . . . ." (*People v. Archer* (2002) 98 Cal.App.4th 402, 406 (*Archer*), italics in original [to "affront" is " 'to insult esp[ecially] to the face by behavior or language' "].)

The minor argues that the prosecution "did not provide any evidence [he] touched his penis; referred to, referenced or pointed to his penis; had an erection; or made any type of sexual comment . . . intended to sexually offend anyone." While these examples constitute sufficient bases for section 314 violations, they are not necessary conditions. Exposure for sexual affront "encompass[es] mere acts of provocation, bad taste, and failed humor." (*Nunez v. Holder* (9th Cir. 2010) 594 F.3d 1124, 1138.)

Here, the minor's decision to expose his genitals while shouting "[y]ou can kiss my white butt," supports a finding of sexual affront. (See *Archer*, *supra*, 98 Cal.App.4th

4

at p. 407 ["[d]efendant's act of exposing his penis in anger during an incident of 'road rage,' accompanied by the comment, 'suck [my] dick,' can reasonably be characterized as an act undertaken for the purposes of sexual affront."].)

Had the minor solely intended to insult the school authorities, he could have simply reinforced his offensive comment with a defiant gesture or a brief exposure of his buttocks. However, as noted above, when the minor shouted "you can kiss my white butt," he pulled his pants and underwear down to his ankles, exposing both his front and back. The minor's chest was already exposed before he dropped his lower garments. Finally, the minor kept himself exposed while he walked down the hallway in view of a gathering crowd of students and school officials.

Although the minor's behavior may be open to other reasonable interpretations, we find sufficient evidence that he acted with the intent to sexually affront. We therefore conclude that sufficient evidence supported the juvenile court's true finding on the indecent exposure charge and the minor's due process rights under the United States Constitution and the California Constitution were not violated.

### III. DISPOSITION

The judgment is affirmed.

5

_____

Márquez, J.

WE CONCUR:

_____

 Rushing, P. J.

_____

Grover, J.

No. H041251
People v. Benjamin B.