Filed 10/28/13  In re S.S. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re S.S., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | C072509 |
| Plaintiff and Respondent, | (Super. Ct. No. JV133970) |
| v. | |
| S.S., | |
| Defendant and Appellant. | |

A petition filed in Sacramento County Superior Court under Welfare and Institutions Code section 602 alleged that minor S.S. committed indecent exposure (Pen. Code, § 314, subd. 1 -- counts one, two, and three),[1] obstructed a peace officer (§ 148, subd. (a)(1) -- count four), and annoyed or molested a child under the age of 18 (§ 647.6, subd. (a)(1) -- count five).  Count five was dismissed on the People's motion before the jurisdictional hearing, and the case proceeded on counts one through four only.

---

[1]      Undesignated section references are to the Penal Code.

1

After denying the minor's motion to dismiss all remaining allegations at the conclusion of the People's case-in-chief (Welf. & Inst. Code, § 701.1),[2] the juvenile court sustained the allegations as to counts one, three, and four but dismissed the allegation as to count two for insufficient evidence. The court thereafter adjudged the minor a ward of the juvenile court and granted probation.

The minor contends (1) the evidence was insufficient to support the juvenile court's finding as to count three, and (2) the court should have granted his motion to dismiss that count. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Count One*

On the afternoon of October 18, 2011, Frances B. sat down on a bench in front of Rio Americano High School to take a phone call. The minor was sitting approximately a foot and a half away on the bench. As she ended the call, she saw that the minor had his erect penis out of his pants and was masturbating. She told him he was being inappropriate. He looked her in the eye, apparently unembarrassed, and said he did not know what she was talking about.

Seeing the minor again near the school, she spoke to him again; he replied again that he did not know what she was talking about. She found out his name from other students, reported the incident to the school, and called the Sacramento County Sheriff's Department but did not press charges.

---

[2] Welfare and Institutions Code section 701.1 provides: "At the hearing, the court, on motion of the minor or on its own motion, shall order that the petition be dismissed and that the minor be discharged from any detention or restriction therefore ordered, after the presentation of evidence on behalf of the petitioner has been closed, if the court, upon weighing the evidence then before it, finds that the minor is not a person described by Section 601 or 602. If such a motion at the close of evidence offered by the petitioner is not granted, the minor may offer evidence without first having reserved that right."

*Count Two*

On March 8, 2012, at around 5:45 p.m., Nicole C. was driving down Tallyho Drive in a residential neighborhood of Sacramento County when she saw a young man about 25 feet away, standing in a driveway with his shorts pulled partially down, apparently masturbating. She made eye contact with the man, but he did not stop. She did not see his penis, but she saw his scrotum. He came farther down the driveway towards her as her car approached.

Nicole C. reported the incident to law enforcement that day. However, after the police contacted the minor and his mother, they did not arrest or cite him.[3]

*Counts Three and Four*

On May 12, 2012, at around 7:40 p.m., Nicole C. was again driving down Tallyho Drive when she saw a naked man running from the same driveway out in front of the house. She did not see his genitals because his hands were cupped over them. She called her mother to come and witness this behavior.

After picking her mother up, Nicole C. returned to the scene about 10 minutes later. The man was again running naked in the driveway while cupping his hands over his genitals; again, Nicole C. did not see his penis or his testicles. She did not know what he was doing and did not think he was masturbating, but she was "disgusted and annoyed."

Also on May 12, 2012, A.L., age 12, was walking down Tallyho Drive with two friends when she saw a "naked guy" in front of a house which had a yellow van parked in front, walking back and forth without attempting to cover himself. She saw his penis. The girls hid behind a bush while A.L. called the police. The man looked in the girls' direction, but it appeared that he did not know if anyone was there. He walked towards

---

[3]    At a photo lineup, Nicole C. identified another person as the perpetrator, though she said it could also be the person in position number six (the minor).

3

them but did not see them; then he walked back into the house.  After that, he came out again.  The episode lasted five or six minutes while A.L. was calling 911.  She recalled speaking to a police officer about it around 8:45 p.m. that night.[4]

Sacramento County Sheriff's Deputy Steven Forsyth responded to a dispatch call reporting indecent exposure on Tallyho Drive around 7:45 p.m. on May 12, 2012.  The address was the minor's home.

When Deputy Forsyth arrived at the house, he did not see anyone outside, and no one answered the door.  He spoke to the alleged victims to get a more detailed statement.  While he was doing so, another indecent exposure call came in regarding the same address.  Returning to the scene, he saw a naked male (the minor) standing in the driveway near the garage and the front door entryway.  The minor started to run toward the front door and did not comply with Deputy Forsyth's order to stop.  Eventually, Deputy Forsyth and his partner detained the minor in the backyard.

*Defense*

The minor testified as to count one that he was not masturbating, but may have taken his penis out of his pants because he was "adjusting" himself.  He knew it was not okay, but "just didn't think it was a big deal."

The minor testified as to count two that on March 8, 2012, he was naked because he was about to shower; then he remembered he was supposed to take out the garbage.[5]  After looking to see if anyone was around, he went out and promptly went back inside.  He did not masturbate outside the house.  He did not intend to display his genitals to anyone.  He did not see Nicole C. that evening.

---

**4**      The Welfare and Institutions section 602 petition gave the date of count three as May 12, 2012, but did not specify a time or an alleged victim.

**5**      He "occasionally" lounged around naked at home when he was by himself.

4

The minor testified as to count three that on May 12, 2012, he was once again taking out the garbage while naked when he saw a police car and went back inside. He had previously gone outside naked that evening to take bottles outside to the trash. He looked before going out to see if anyone was outside. He knew people were not supposed to be outside naked and that it is against the law. At the time, however, he only "had a suspicion" and "didn't really think it was a big deal." He did not masturbate outside the house. He was not running around on the driveway with his hand covering his penis. He did not see Nicole C. or A.L.

When he went out naked to take out the garbage, the minor felt as if he were "getting away with something bad" because everybody wears clothes outside. However, he did not have the intent to "go outside and do something bad"; he just "didn't want to go through the hassle of going and putting on some clothing just to take out the garbage." It was not exciting to him to go outside naked. He did not do it to get someone's attention. He did not derive sexual pleasure from doing it.

*The Juvenile Court's Ruling*

As to count one, the court found the evidence was sufficient and sustained that allegation.

As to count two, the court found that the minor was the person Nicole C. saw on March 8, 2012, but the evidence did not prove beyond a reasonable doubt that the minor violated section 314, subdivision 1 on that date. Therefore the court did not sustain that allegation.

As to count three, the court found: "[T]he evidence establishes, specifically with regard to . . . element number two, I do find specifically that the circumstantial evidence establishes that when the defendant exposed himself, he acted lewdly by intending to direct public attention to his genitals for the purpose of sexually arousing himself. I do not find that he intended to sexually arouse a third party. I do find that he sexually intended to arouse himself. [¶] I also find that . . . he left the house naked. He did so in

5

a fashion in which he knew or reasonably should have known would have exposed his genitals to a third party, and he did so with the specific intent of offending or affronting those people through seeing the genitals. And that was the sole or exclusive purpose for his actions. So accordingly, with regard to Count [three], I find the second element was met in two ways. So if, on appellate review, it appears the Court disagrees with me on the one, I have also found it was met on the second."[6]

### DISCUSSION

The minor contends the evidence was insufficient as to count three because it did not demonstrate that he acted "lewdly" under section 314, subdivision 1: it did not show that he exposed himself to Nicole C. within the meaning of the statute, or that he had the intent to direct public attention to his genitals for the purpose of sexually arousing himself or sexually affronting another. Therefore, according to the minor, the juvenile court should have granted his motion to dismiss as to count three at the close of the People's case-in-chief. We conclude the evidence was sufficient to satisfy section 314, subdivision 1.

In an "appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the criminal allegations of a petition made under the provisions of section 602 of the Welfare and Institutions Code, we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal. Under this standard, the critical inquiry is 'whether, after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] An appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses

---

[6] The court also found the evidence sufficient as to count four.

6

substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'  [Citations.]"  (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371, original italics.)

Section 314, subdivision 1 provides as relevant:  "Every person who willfully and lewdly . . . [¶] [] [e]xposes his person, or the private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby[,] . . . [¶] . . . is guilty of a misdemeanor."

"Under section 314, 'lewd' intent is an essential element of the offense, and 'something more than mere nudity' must be shown.  (*In re Smith* (1972) 7 Cal.3d 362, 365.)  ' "[A] person does not expose his private parts 'lewdly' within the meaning of section 314 unless his conduct is sexually motivated.  Accordingly, a conviction of that offense requires proof beyond a reasonable doubt that the actor not only meant to expose himself, but intended by his conduct to direct public attention to his genitals for purposes of sexual arousal, gratification, or affront.'  (*In re Smith, supra*, 7 Cal.3d at p. 366.)"  (*In re Dallas W.* (2000) 85 Cal.App.4th 937, 939; see also *People v. Earle* (2009) 172 Cal.App.4th 372, 392.)

"As used in *Smith*, the word 'sexual' modifies 'arousal,' 'gratification,' *and* 'affront' . . . .  (*In re Smith, supra*, 7 Cal.3d at p. 366.)  'Affront' must be read as 'sexual affront.' "  (*In re Dallas W., supra*, 85 Cal.App.4th at p. 939, italics added.)

"The nature of the specific intent required for indecent exposure . . . is quite distinct from that involved in lewd conduct  [§ 647, subd. (a)].  A person who exposes his private parts with the intent 'to direct public attention to his genitals' is necessarily engaged in a purposeful and aggressive sexual display designed to provoke others.  In contrast, lewd conduct can be committed by one who blithely *ignores* the risk of being seen and acts *despite* the presence of others, rather than because of it."  (*People v. Honan* (2010) 186 Cal.App.4th 175, 182, original italics.)

7

The minor contends first that the testimony of Nicole C. about the events of May 12, 2012, cannot support the juvenile court's finding that the minor exposed his genitals, as required under section 314, subdivision 1, because she testified that he cupped his hands over his genitals in a manner which blocked any view of them. The minor is correct. (See *People v. Carbajal* (2003) 114 Cal.App.4th 978, 982, 986-987 [even if no evidence anyone directly observed the defendant's genitals, there must be sufficient circumstantial evidence that actual exposure occurred]; see *People v. Massicot* (2002) 97 Cal.App.4th 920, 928.) But this point does not compel reversal because A.L. testified that when she observed defendant on the same evening, he made no attempt to cover himself and she saw his penis.[7]

The minor contends next that the evidence does not support the juvenile court's finding of lewd intent as to count three because public nakedness, without more, does not establish lewd intent under section 314, subdivision 1, and the court's reasoning as to what the evidence further established was impermissibly speculative. We disagree. Though acknowledging pro forma that the substantial evidence standard applies on appeal, the minor disregards that standard by rearguing the evidence most favorably to himself. When viewed most favorably to the judgment, as we must view it, it is sufficient to support the judgment.

To begin with, the juvenile court's findings show that it deemed the testimony of the complaining witnesses credible and the minor's testimony, so far as it conflicted, not credible. Thus, the court evidently disbelieved the minor's claim that he did not intend to expose himself on any of the occasions alleged in the Welfare and Institutions Code section 602 petition. Drawing reasonable inferences in favor of the judgment, substantial

---

[7] As noted, the allegation as to count three did not specify a particular time or a particular victim. Since both Nicole C. and A.L. testified as to events occurring on May 12, 2012, the testimony of either could suffice to sustain that allegation.

8

evidence showed that the minor had a pattern of deliberately exposing himself to strangers (count one), or of deliberately putting himself in a position where strangers were likely to see his naked body, while feeling as if he were "getting away with something bad" (count three).[8] His repeated conduct in going out naked onto his driveway twice in one evening, fully aware that people are not supposed to be naked in public and that strangers routinely drove or walked past his house, belied any claim of mere thoughtlessness or absentmindedness.

Furthermore, the juvenile court could properly consider, as part of the circumstantial evidence going to intent, that in the incident alleged as count one the minor masturbated in close proximity to Frances B. -- an act calculated both to sexually arouse himself and to sexually affront her -- and when confronted about it, brazenly claimed he did not know what she was talking about. Faced with a conflict in the evidence as to whether the minor knew or reasonably should have known he could be seen while standing, walking, or running naked in his driveway and whether he intended to sexually affront anyone who saw him in that state, the court could reasonably infer that, as in the prior incident, he knew and intended precisely that.

The minor relies on *In re Smith, supra*, 7 Cal.3d 362, and *In re Dallas W., supra*, 85 Cal.App.4th 937, to support his assertion that public nakedness alone, even if combined with an intent to give offense, is not sufficient to prove the intent to offend or affront *sexually*, as required under section 314, subdivision 1. Both cases are distinguishable. In *In re Smith,* the defendant sunbathed in a place where he reasonably believed he would not be observed by strangers, and did not do anything overtly sexual or

---

**8**     The minor denied that this feeling of "getting away with something bad" was exciting or thrilling, and answered affirmatively when his counsel asked if it was "[s]omething like crossing outside of the crosswalk" (i.e., a mere matter of breaking a rule). However, the juvenile court was not required to accept those answers as credible, and evidently did not do so.

call anyone's attention to his nakedness. (*In re Smith, supra*, 7 Cal.3d at p. 364.) In *In re Dallas W.*, where the minor "mooned" oncoming traffic on a public street, the appellate court deferred to the juvenile court's factual finding that the minor acted with the intent to annoy and affront, but *not* to arouse himself sexually or to arouse or affront others sexually. (*In re Dallas W.*, *supra*, 85 Cal.App.4th at pp. 938, 939-940.) Here, the minor repeatedly went out of his way to appear naked in a public place in the middle of a residential neighborhood and had no credible nonsexual motive for doing so. Therefore, the juvenile court's conclusion that the minor intended both to arouse himself sexually and to give sexual offense to anyone who saw him in that state is supported by substantial evidence.

As supposed proof of his nonsexual intent, the minor cites the testimony of the sheriff's deputy who arrested him that the deputy "observed a naked male . . . standing in the driveway near the corner near the garage" and that the minor's demeanor was "[o]ne of innocence. He didn't know why we were chasing him." However, the deputy did not claim to have personally witnessed lewd conduct by the minor, and the deputy's observation about the minor's demeanor was not a statement of his own view but a characterization of the minor's self-righteous protestations of innocence. Finally, since this evidence is not contemporaneous with the conduct described by the complaining witnesses, it does nothing to refute the juvenile court's conclusions about that conduct.

Lastly, the minor cites *People v. Archer* (2002) 98 Cal.App.4th 402, in which a defendant was found to have violated section 314, subdivision 1 by displaying his penis to a female driver during an incident of " 'road rage' " (*id*. at p. 403), and points out that his conduct as to count three did not involve similar facts. *People v. Archer* does not assist the minor because section 314, subdivision 1 does not include as an element that the person who is exposing himself act with anger or aggression, as the defendant did there.

10

Because we have found that the evidence was sufficient to sustain the allegation as to count three, we necessarily reject the minor's contention that the juvenile court should have granted his motion to dismiss that allegation under Welfare and Institutions Code section 701.1. In any event, that statute provides on its face only for dismissing a Welfare and Institutions Code section 602 petition in its entirety, and the minor does not cite any case law holding that a juvenile court may dismiss an individual allegation on a Welfare and Institutions section 701.1 motion while continuing to detain a minor on other allegations. Neither *In re Anthony J.* (2004) 117 Cal.App.4th 718, 727, nor *In re Andre G.* (1989) 210 Cal.App.3d 62, 66, cited by the minor to support this proposition, actually so holds.

DISPOSITION

The judgment (order granting probation) is affirmed.


                              NICHOLSON      , Acting P. J.


We concur:


        HULL         , J.


        BUTZ         , J.